UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICAH DONALD HEWITT,<br><br>Plaintiff,<br><br>vs.<br><br>NICK LAMB, Secretary of Corrections, Individual & Official Capacity; JOSEPH ROEMMICH, Warden of South Dakota State Penitentiary, Individual & Official Capacity; SHELDON HOFER, Housing Sergeant of East/Federal Hall at South Dakota State Penitentiary, Individual & Official Capacity; DARA ALVAND, DDS, Dentist at South Dakota State Penitentiary, Individual & Official Capacity; MICHELLE EVANS, RDA, Dental assistant at South Dakota State Penitentiary, Individual & Official Capacity; RICK JOHNSTON, Associate Warden of South Dakota State Penitentiary, Individual & Official Capacity; DR. AARON HAYNES, MD, Medical Director at South Dakota State Penitentiary, Individual & Official Capacity; DESIRAE KUMMER, Medical Charge RN at South Dakota State Penitentiary, Individual & Official Capacity; AMBER PIRGGLIA, Director of South Dakota State Penitentiary, Individual & Official Capacity; CIERRA REVOBRIO, Nursing Manager at South Dakota State Penitentiary, Individually & Official Capacity; MELISSA MATURAN, Grievance Coordinator at South Dakota State Penitentiary, Individual & Official Capacity; DR. MICHAEL LEE, Chief Dental Officer at South Dakota State Penitentiary, Individual & Official Capacity,<br><br>Defendants. | 4:26-CV-04087-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Micah Hewitt, an inmate at the South Dakota State Penitentiary, filed a pro se Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. Doc. 1. Hewitt also filed a motion for temporary restraining order and preliminary injunction. Doc. 5.

Under Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party if specific facts in the affidavit or verified complaint show immediate and irreparable injury, loss, or damage will occur to the plaintiff before the adverse party can be heard and the plaintiff certifies in writing efforts made to give notice of the motion and why notice should not be required. Fed. R. Civ. P. 65(b)(1). Hewitt provided both an affidavit[1] and verified complaint addressing specific facts that he believes show immediate and irreparable injury. Docs. 1, 5. But he did not certify in writing efforts made to give notice of his motion[2] for temporary restraining order and why notice should not be required. Doc. 5. Hewitt, as a pro se plaintiff, is not exempt from complying with the Federal Rules of Civil Procedure, local rules, and court orders. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (citing Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993)); see also Matthews v. Iowa State Penitentiary, No. 4:17-cv-00190-RGE-HCA, 2017 WL 11511637, at *2–3 (S.D. Iowa June 28, 2017) (denying pro se prisoner's motion for temporary restraining order for failing to comply with Rule 65(b)); Kirk of Family Engel v. Volker, No. 8:25CV390, 2025 WL 1664311, at *2 (D. Neb. June 11, 2025) (noting that one reason for denying pro se plaintiff's motion for temporary restraining order was for not filing affidavit or certification about efforts to

---

[1] This Court notes that it appears the same notary public notarized both Hewitt's affidavit and verified complaint. Docs. 1, 5. In the affidavit, the notary indicated that his or her commission expired on March 24, 2026, despite the affidavit being signed on May 6, 2026. Doc. 5 at 2. In the verified complaint, the notary indicated that his or her commission expires on March 24, 2031, despite the verified complaint also being notarized on May 6, 2026. Doc. 1 at 16.

[2] Hewitt alleges that Defendants have notice of his dental issue, Doc. 5-1 ¶ 7, but he does not certify whether they were given notice about the specific motion before the Court.

give notice and recognizing that "[h]is pro se status is no reason to disregard those requirements"). Accordingly, Hewitt's Motion for Temporary Restraining Order, Doc. 5, is denied.

As to Hewitt's request for preliminary injunction, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). As the Court held, Hewitt has not provided notice of his pending motion. Accordingly, this Court holds Hewitt's Motion for Preliminary Injunction, Doc. 5, in abeyance until Defendants have been provided proper notice of the motion.

Accordingly, it is

ORDERED that Hewitt's Motion for Temporary Restraining Order, Doc. 5, is denied. It is further

ORDERED that Hewitt's Motion for Preliminary Injunction, Doc. 5, is held in abeyance until Defendants have been provided proper notice of the motion.

DATED this 13th day of May, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE