UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICAH DONALD HEWITT,<br><br>Plaintiff,<br><br>vs.<br><br>NICK LAMB, Secretary of Corrections, Individual & Official Capacity; JOSEPH ROEMMICH, Warden of South Dakota State Penitentiary, Individual & Official Capacity; SHELDON HOFER, Housing Sergeant of East/Federal Hall at South Dakota State Penitentiary, Individual & Official Capacity; DARA ALVAND, DDS, Dentist at South Dakota State Penitentiary, Individual & Official Capacity; MICHELLE EVANS, RDA, Dental assistant at South Dakota State Penitentiary, Individual & Official Capacity; RICK JOHNSTON, Associate Warden of South Dakota State Penitentiary, Individual & Official Capacity; DR. AARON HAYNES, MD, Medical Director at South Dakota State Penitentiary, Individual & Official Capacity; DESIRAE KUMMER, Medical Charge RN at South Dakota State Penitentiary, Individual & Official Capacity; AMBER PIRGGLIA, Director of South Dakota State Penitentiary, Individual & Official Capacity; CIERRA REVOBRIO, Nursing Manager at South Dakota State Penitentiary, Individually & Official Capacity; MELISSA MATURAN, Grievance Coordinator at South Dakota State Penitentiary, Individual & Official Capacity; DR. MICHAEL LEE, Chief Dental Officer at South Dakota State Penitentiary, Individual & Official Capacity,<br><br>Defendants. | 4:26-CV-04087-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Micah Hewitt, an inmate at the South Dakota State Penitentiary, filed a pro se Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. Doc. 1. Hewitt also filed a motion for temporary restraining order and preliminary injunction. Doc. 5. The Court previously denied Hewitt's motion for temporary restraining order because he did not certify in writing his efforts to give notice of his motion and why notice should not be required. Doc. 8. Hewitt has now filed a second motion for temporary restraining order and preliminary injunction. Doc. 9. He attached to his motion a letter to the South Dakota Department of Corrections general counsel purporting to give notice. Docs. 9-1, 10.

But this Court is unable to award the relief Hewitt requests because he is asking for this Court to award at least in part the ultimate relief he is seeking. A court when considering whether to award preliminary injunctive relief looks at the Dataphase factors: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). But having considered the Dataphase factors, this Court does not find that preliminary relief is warranted.

One court noted when ruling on a motion for preliminary injunctive relief related to dental care:

> While the [c]ourt agrees that appropriate dental care is a serious medical need, [prisoner plaintiff] is requesting more than appropriate dental treatment — he is requesting a certain type of dental treatment. The preliminary relief [plaintiff] seeks is tantamount to prevailing on the merits (at least with respect to [plaintiff's] claim that his teeth should be restored and not extracted). The undersigned would only recommend such relief after fully developing the facts and resolving the issues. The undersigned is also hesitant at this juncture of the case to interfere in the complex and intractable problems associated with the administration of health care in prisons. The [c]ourt will not interject itself into such issues until it has fully

developed the facts and resolved the issues. Accordingly, the pertinent factors weigh against [plaintiff's] request.

Bargo v. Kelley, No. 5:17-CV-00281 JLH-PSH, 2017 U.S. Dist. LEXIS 200230, at *3–4 (E.D. Ark. Nov. 9, 2017), adopted, 2017 U.S. Dist. LEXIS 197836, at *1 (E.D. Ark. Dec. 1, 2017). This Court finds the logic and reasoning of Bargo to be directly on-point here.

After reviewing the "kites" and other materials submitted by Hewitt, it is clear he is getting dental care but not to his satisfaction. Doc. 1-1. It is not expressly clear what relief he is seeking in his current motion for temporary restraining order. See Doc. 9. But with his prior motion for temporary restraining order, he attached a proposed order requesting Defendants be "restrained from denying plaintiffs [sic] treatment of all cavities and treatment of his under bite that is severe and has chipped and cracked teeth, along with any maintenance that is required" and requesting, if needed, appointments be made to his current dentists outside the South Dakota Department of Corrections. Doc. 5-2 at 1–2. Further, in Hewitt's Complaint he requests "[a] TRO to prevent further injury, pain and suffering not only to the plaintiff but all other inmates current and future at SDSP." Doc. 1 ¶ 134. Hewitt is asking this Court to interfere in the complexities of prison healthcare administration not to preserve the status quo but for the Court to award the ultimate relief he is seeking, which would essentially equate to prevailing on the merits on a substantial portion of Hewitt's claims. This the Court is unwilling to do, and Hewitt's motion for temporary restraining order, Doc. 9, is denied.

Accordingly, it is

ORDERED that Hewitt's Motion for Temporary Restraining Order, Doc. 9, is denied. It is further

ORDERED that Hewitt's Motion for Preliminary Injunction, Doc. 9, is held in abeyance until Defendants have had an opportunity to respond to Hewitt's motion and develop the factual record.

DATED this 26th day of May, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

4