UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICAH DONALD HEWITT,<br><br>Plaintiff,<br><br>vs.<br><br>NICK LAMB, Secretary of Corrections, Individual & Official Capacity; JOSEPH ROEMMICH, Warden of South Dakota State Penitentiary, Individual & Official Capacity; SHELDON HOFER, Housing Sergeant of East/Federal Hall at South Dakota State Penitentiary, Individual & Official Capacity; DARA ALVAND, DDS, Dentist at South Dakota State Penitentiary, Individual & Official Capacity; MICHELLE EVANS, RDA, Dental assistant at South Dakota State Penitentiary, Individual & Official Capacity; RICK JOHNSTON, Associate Warden of South Dakota State Penitentiary, Individual & Official Capacity; DR. AARON HAYNES, MD, Medical Director at South Dakota State Penitentiary, Individual & Official Capacity; DESIRAE KUMMER, Medical Charge RN at South Dakota State Penitentiary, Individual & Official Capacity; AMBER PIRGGLIA, Director of South Dakota State Penitentiary, Individual & Official Capacity; CIERRA REVOBRIO, Nursing Manager at South Dakota State Penitentiary, Individually & Official Capacity; MELISSA MATURAN, Grievance Coordinator at South Dakota State Penitentiary, Individual & Official Capacity; DR. MICHAEL LEE, Chief Dental Officer at South Dakota State Penitentiary, Individual & Official Capacity,<br><br>Defendants. | 4:26-CV-04087-ECS<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Micah Hewitt, an inmate at the South Dakota State Penitentiary, filed a pro se Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. Doc. 1. Hewitt filed a motion asking the Court for clarification on its May 26, 2026 ruling. Doc. 13. Hewitt also moves for a temporary restraining order requiring root canals and a temporary crown on his teeth. Doc. 14 at 3.

In Hewitt's motion for clarification, he asks this Court to clarify whether his Complaint has been screened pursuant to 28 U.S.C. § 1915, whether Defendants have been served, and whether there are pending motions that the Court has not ruled on yet. Doc. 13 at 1. Hewitt's Motion for Clarification, Doc. 13, is granted, and the Court clarifies as follows. Hewitt's Complaint has not yet undergone § 1915 screening. Because it has not yet been determined that Hewitt's claims survive § 1915 screening or that Hewitt is entitled to proceed in forma pauperis, the Court has not ordered the United States Marshals Service to serve the Complaint on Defendants. See Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Hewitt has filed several motions that are still pending, including a motion to appoint counsel, motions for leave to proceed in forma pauperis, and motions for preliminary injunction. Docs. 2, 4, 5, 9, 11.

Hewitt filed a third motion for temporary restraining order asking this Court to order root canals and a temporary crown on his teeth. Doc. 14. As this Court previously explained,

> Hewitt is asking this Court to interfere in the complexities of prison healthcare administration not to preserve the status quo but for the Court to award the ultimate relief he is seeking, which would essentially equate to prevailing on the merits on a substantial portion of Hewitt's claims. This the Court is unwilling to do.

2

Doc. 12 at 3.  Again applying this rationale, Hewitt's Motion for Temporary Restraining Order, Doc. 14, is denied.[1]  Hewitt's proposed order also includes an order to show cause.  Doc. 14-1 at 2.  To the extent that Hewitt is seeking an order to show cause, it is also denied.

Accordingly, it is

ORDERED that Hewitt's Motion for Clarification, Doc. 13, is granted.  It is further

ORDERED that Hewitt's Motion for Temporary Restraining Order, Doc. 14, is denied.

DATED this 23rd day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[1] Hewitt has not expressly stated whether he has provided notice to Defendants of this third motion for temporary restraining order, nor has he explained why notice is not required.  See generally Doc. 14; see also Doc. 8.

3