UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICAH DONALD HEWITT,<br><br>Plaintiff,<br><br>vs.<br><br>NICK LAMB, Secretary of Corrections, Individual & Official Capacity; JOSEPH ROEMMICH, Warden of South Dakota State Penitentiary, Individual & Official Capacity; SHELDON HOFER, Housing Sergeant of East/Federal Hall at South Dakota State Penitentiary, Individual & Official Capacity; DARA ALVAND, DDS, Dentist at South Dakota State Penitentiary, Individual & Official Capacity; MICHELLE EVANS, RDA, Dental assistant at South Dakota State Penitentiary, Individual & Official Capacity; RICK JOHNSTON, Associate Warden of South Dakota State Penitentiary, Official Capacity; DR. AARON HAYNES, MD, Medical Director at South Dakota State Penitentiary, Official Capacity; DESIRAE KUMMER, Medical Charge RN at South Dakota State Penitentiary, Individual & Official Capacity; AMBER PIRGGLIA, Director of South Dakota State Penitentiary, Official Capacity; CIERRA REVOBRIO, Nursing Manager at South Dakota State Penitentiary, Individually & Official Capacity; MELISSA MATURAN, Grievance Coordinator at South Dakota State Penitentiary, Individual & Official Capacity; DR. MICHAEL LEE, Chief Dental Officer at South Dakota State Penitentiary, Individual & Official Capacity,<br><br>Defendants. | 4:26-CV-04087-ECS<br><br>OPINION AND ORDER DISMISSING PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AS MOOT, DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Micah Hewitt, who is an inmate at the South Dakota State Penitentiary, filed a pro se Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 arising out

of his incarceration at the South Dakota State Penitentiary. Doc. 1; Doc. 17, Doc. 17-2. The Court granted Hewitt's motion for leave to proceed in forma pauperis and screened his Amended Complaint, Doc. 17-2, in accordance with 28 U.S.C. § 1915A. Doc. 20. On screening, the Court dismissed Hewitt's Amended Complaint in part and directed service in part. Id. at 17–18. The Defendants remaining after screening have been served and appeared. Docs. 33, 37, 38, 51. Now pending before the Court are Hewitt's Motions for Preliminary Injunction and renewed Motion for Appointment of Counsel. Docs. 5, 9, 44.

## I. **Plaintiff's Motions for Preliminary Injunction** (Docs. 5, 9)

Hewitt has filed two motions for preliminary injunctive relief. Docs. 5, 9. Additionally, Hewitt's official capacity claims against Dr. Dara Alvand, Desirae Kummer, Cierra Revobrio a/k/a Revolorio, Dr. Michael Lee, Nick Lamb, Joseph Roemmich, Sheldon Hofer, Rick Johnston, Amber Pirgglia, and Dr. Aaron Haynes for equitable relief survived § 1915A screening. Doc. 20 at 17. On September 24, 2026, Hewitt was released from the South Dakota State Penitentiary and is on parole. Doc. 49 at 2; see also S.D. Dep't of Corr., https://docadultlookup.sd.gov/adult/lookup/ (last visited Nov. 3, 2026). Because Hewitt is no longer incarcerated, Defendants contend that his claims for declaratory and injunctive relief are moot and should be dismissed. Doc. 49 at 2. Hewitt does not dispute that his claims seeking equitable relief are now moot. Doc. 52 at 2. It is well established that when a prisoner is transferred or released and no longer subject to the allegedly unlawful conditions of confinement he challenges, the prisoner's claims for declaratory and injunctive relief are moot. See, e.g., Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 835 (8th Cir. 2009) (citing Pratt v. Corr. Corp. of Am., 267 F. App'x 482, 482 (8th Cir. 2008) (per curiam)) ("inmate's claims for declaratory and injunctive relief are moot when he is transferred . . . and is no longer subject to alleged unlawful conditions"). Accordingly, Defendants' request that Hewitt's official capacity claims against Dr.

Alvand, Kummer, Revobrio a/k/a Revolorio, Dr. Lee, Lamb, Roemmich, Hofer, Johnston, Pirgglia, and Dr. Haynes for declaratory and injunctive relief be dismissed as moot, Doc. 49 at 2, is granted. For the same reasons, Hewitt's Motions for a Preliminary Injunction, Docs. 5, 9, are denied as moot.

**II. Hewitt's Motion for Appointment of Counsel** (Doc. 44).

When the Court screened Hewitt's Amended Complaint, the Court denied Hewitt's Motion to Appoint Counsel, Doc. 4, finding that "Hewitt's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately." Doc. 20 at 16. On September 14, 2026, before Hewitt was released from custody, Hewitt filed a second Motion for Appointment of Counsel. Doc. 44. In this motion, Hewitt contends that his conditions of confinement limit his ability to investigate his claims and present his claims to the Court. See id. But Hewitt's release renders these arguments moot. Nevertheless, Hewitt requests that the Court reconsider his need for counsel based on the factors identified by the Eighth Circuit. Doc. 52 at 3. Specifically, Hewitt contends that he will need to secure expert medical testimony to support his claims and that he lacks "professional knowledge of dental standards, medical causation, or constitutional liability." Id. at 2–3. The record does not demonstrate that Hewitt has made any effort to retain counsel since his release from custody. Nor does the record demonstrate that Hewitt has made any effort to retain a dental expert since his release from custody. Further, Hewitt's filings to date, including his reply brief in support of his renewed motion for appointment of counsel, demonstrate that he fully understands the essential elements of his claims that survived screening and has identified many of the issues on which discovery may be required. While Hewitt contends that "critical evidence concerning treatment decisions, medical policies, and professional knowledge may be held by Defendants or their institutions[,]" he has not articulated any reason that he cannot seek discovery of this "critical evidence" from

Defendants without the assistance of counsel.[1] Accordingly, after again considering the relevant factors identified by the Eighth Circuit, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), Hewitt's renewed Motion for Appointment of Counsel, Doc. 44, is denied.

## III. Conclusion

For these reasons, it is

ORDERED that Hewitt's official capacity claims against Dr. Alvand, Kummer, Revobrio a/k/a Revolorio, Dr. Lee, Lamb, Roemmich, Hofer, Johnston, Pirgglia, and Dr. Haynes are dismissed as moot. It is further

ORDERED that Hewitt's Motions for a Preliminary Injunction, Docs. 5, 9, are denied as moot. It is finally

ORDERED that Hewitt's renewed Motion for Appointment of Counsel, Doc. 44, is denied.

DATED this 5th day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[1] Typically, actions brought by a person in state custody are exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A). Fed. R. Civ. P. 26(a)(B). However, because Hewitt is no longer in custody and has identified issues on which discovery will be necessary, the Court will direct the parties to comply with Fed. R. Civ. P. 26(a)(1)(A) and will issue an Order for Discovery Report and Scheduling Information in accordance with Fed. R. Civ. P. 26(f).